UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AMELIA BAKER | CIVIL ACTION |
| VERSUS | NO: 07-8747 |
| ZC STERLING INSURANCE AGENCY, INC., ET AL. | SECTION: "A" (4) |

## ORDER AND REASONS

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 26)** filed by Fidelity and Deposit Company of Maryland. Plaintiff, Amelia Baker, opposes the motion. The motion, set for hearing on February 4, 2009, is before the Court on the briefs without oral argument. After reviewing the memoranda of counsel and applicable law, the Court concludes that Defendant's motion should be **GRANTED** for the reasons that follow.

### I. BACKGROUND

The instant dispute arises out of damage to Plaintiff's immovable property located in New Orleans, Louisiana, sustained as a result of Hurricane Katrina. As a result of the winds associated with Hurricane Katrina, Plaintiff alleges that she sustained "severe damage" to her roof, appurtenances, fence, trim, molding and various other areas of her dwelling. (Pet. ¶ 9). Such damage left Plaintiff's home exposed to rain and wind-driven rain, which caused "extensive damage" inside Plaintiff's home. (*Id.*) Further, in addition to the wind damage, Plaintiff alleges that her home was flooded as a result of the levee breach. (*Id.* at ¶ 10). Plaintiff avers that the structure

was a total loss. (*Id.* at ¶ 11).

Plaintiff contends that at the time in question, a homeowners stated value policy existed, wherein Fidelity and Deposit Company of Maryland ("Fidelity") insured the residence, providing coverage for the "dwelling," "dwelling extension," "personal property" and "loss of use." (*Id.* at ¶ 13). The type of policy at issue in this case is a "forced-placed" policy, which is requested by a lender/mortgagee to protect its interest in the property. Here, the policy was requested by her mortgagor, First Palm Financial, through the ZC Sterling agency. The policy was issued by Fidelity and listed Ms. Baker as an additional insured on the property.

Plaintiff reported the claim, and after "several weeks," Fidelity sent an adjuster to inspect the property, after which time a tender was made, but it was insufficient according to the plaintiff (*Id.* at ¶ 14). Fidelity asserts that after proper notice was given, it paid the policy limits of $8,000 on the policy in accordance with its obligations.

As a result of the foregoing, Plaintiff filed the instant action in the Civil District Court for the Parish of Orleans, seeking payment under the policy, as well as additional damages for bad faith. Defendants removed Plaintiff's action to this Court on November 15, 2007, on the grounds that the parties are diverse and the amount in controversy exceeds the sum or value of $75,000.00. (Rec. Doc. 1). On July 23, 2008, the Court dismissed the claims against Zurich[1] and ZC Sterling Insurance Agency, Inc., ruling that ZC Sterling owed her no duty regarding the adequacy of her insurance coverage and that no form of agency liability existed.

Fidelity filed the instant Motion for Summary Judgment alleging that it has fulfilled all contractual obligations owed under the policy, and it is entitled to a dismissal of all claims as a

---

[1] The Plaintiff voluntarily dismissed Zurich.

matter of law. Ms. Baker filed Plaintiff's Opposition claiming that Fidelity has breached its implied duty to provide adequate insurance to protect her interests.

**II.     DISCUSSION**

   *A.     Summary Judgment Standard*

Summary Judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 249-50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (citing Fed.R.Civ.P 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (1993)).

   *B.     Law and Analysis*

The Court has examined all of the exhibits submitted in support of the parties' respective positions on this motion and concludes that Plaintiff has failed to meet her burden in showing that a genuine issue of material fact exists as to whether Fidelity owed her any duty. The Plaintiff claims

that Fidelity has an implied duty to provide adequate insurance to protect her interests, but cites no authority for the argument. Here, the Plaintiff has failed to establish a contractual duty to provide adequate insurance on the part of Fidelity. The insurance contract states:

> Loss, if any, shall be adjusted with and payable to the above Named Insured Mortgagee, and the Additional Named Insured as their interest may appear, either by a single instrument so worded or by separate instruments payable respectively to the Named Insured Mortgagee and the Additional Named Insured, at the company's option.

(Rec. Doc. 26-4). The amount of insurance for this policy was $8,000.00. (*Id.*) According to the Conditions of the Dwelling Coverage Form, the policy limits are clearly stated:

> 2. **Insurable Interest and Amount of Insurance**. Even if more than one person has an insurable interest in the property covered, we will not be liable in any one loss:
> a. for the amount greater than the interest of a person insured under this policy; or
> b. for more than the applicable amount of insurance.

(Rec. Doc. 26-4). This plain language in the contract states that payments for a single loss are not to exceed $8,000.00. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. La. C.C. art. 2046. When the language of a policy is clear and expresses the parties' intent, it must be enforced as written. *Louisiana Insurance Guaranty Ass'n v. Interstate Fire & Cas. Co.,* 630 So.2d 759 (La. 2004). The words of the contract clearly limit the recoverable amount to $8,000.00. Further, Fidelity issued two checks made payable to Plaintiff and the mortgagee totaling $8,000.00, and thereby fulfilled any contractual obligations under the insurance policy.

Accordingly,

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 26)** filed by Fidelity

4

and Deposit Company of Maryland is **GRANTED**. All claims against the Defendant are to be dismissed with prejudice.

      **IT IS FURTHER ORDERED** that the **Motion to Strike (Rec. Doc. 29)** is **DENIED AS MOOT.**

February 3, 2009

                                                JAY C. ZAINEY
                                  UNITED STATES DISTRICT JUDGE